**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LUIS ALEJANDRO CORA PEREZ<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND S. IMMIGRATION AND CUSTOMS ENF. et al.,<br><br>Respondents. | Case No. 5:26-cv-04282-DFM<br><br>Order re: Petition for Writ of Habeas Corpus |

## I. INTRODUCTION

On or about July 29, 2026, Petitioner Luis Alejandro Cora Perez, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner seeks immediate release from immigration detention or, alternatively, another bond hearing before an immigration judge ("IJ") at which the Government would bear the burden of justifying detention by clear and convincing evidence. See id. at 9-11, 44-47. On August 6, 2026, Respondents filed an Answer. See Dkt. 11 ("Answer"). Petitioner did not file a reply.

For the reasons set forth below, the Petition is **DENIED** to the extent Petitioner invokes the post-final-removal-order framework of 8 U.S.C. § 1231 or claims that the duration of his detention alone entitles him to release or

another hearing. To the extent Petitioner seeks review of the IJ's December 29, 2025 dangerousness determination, the Petition is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

## II. BACKGROUND

Petitioner is a citizen and national of Cuba who has remained in ICE custody at the Adelanto ICE Processing Center since June 2025. See Petition at 2, 43; Cora Perez v. DHS, No. 5:26-cv-00673-FLA-DFM, Dkt. 9 at 2 (C.D. Cal. May 1, 2026) ("Prior R&R"). He previously was released from immigration custody on a Form I-220A, Order of Release on Recognizance. See Prior R&R at 2.

On July 24, 2025, an IJ denied Petitioner's first request for custody redetermination for lack of bond jurisdiction. The IJ relied on Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025), and reasoned that Petitioner was detained under 8 U.S.C. § 1225(b) because he had entered the United States without inspection. See Answer, Ex. A at 1-2.[1] Petitioner withdrew another bond request on December 3, 2025. See Answer, Ex. B at 1-2.

On December 29, 2025, an IJ conducted a custody redetermination hearing and denied release. The written order states that the Department of Homeland Security carried its burden to show that Petitioner's release would pose a danger to the community. The IJ relied on the circumstances described in a Florida police report concerning resisting arrest and alleged indecent exposure, the recency of the conduct, and what the IJ viewed as Petitioner's misrepresentations. See Answer, Ex. C at 1-2. Petitioner alleges that the

[1] The Answer describes that order as dated July 24, 2026, see Answer at 1, but the order, the IJ's signature, and the certificate of service all bear the date July 24, 2025, see id., Ex. A at 1-2.

indecent-exposure charge was dismissed, the accusation was false, and the IJ should not have relied on it. See Petition at 38-41.

Petitioner timely appealed the December 29 bond ruling. A BIA filing receipt establishes that the BIA received the bond appeal on January 12, 2026. See Answer, Ex. D at 1-2. Petitioner alleges that he is still awaiting the BIA's bond decision. See Petition at 4-5, 8. Respondents argues that administrative review is incomplete and that the BIA should be allowed to consider the appeal. See Answer at 2-4.

Separately, on January 16, 2026, an IJ denied Petitioner's application for asylum and ordered him removed. The record indicates that Petitioner appealed that merits ruling to the BIA and that the removal appeal remains pending. See Petition at 3, 43; Prior R&R at 3; see also https://acis.eoir.justice.gov/en/ (search A-Number: "245684182," Nationality: "Cuba") (last accessed August 24, 2026).

This is Petitioner's second federal habeas action concerning the same detention. In the first action, the assigned district judge adopted the Prior R&R, denied the petition, and dismissed the action with prejudice on July 2, 2026. Cora Perez v. DHS, No. 5:26-cv-00673-FLA-DFM, Dkts. 13, 14 (C.D. Cal. July 2, 2026). The current Petition presents itself as a renewed request after Petitioner filed his bond appeal. See Petition at 9, 41-43; Dkt. 4 at 2.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc).

## A. Petitioner Is Detained Under § 1226, Not § 1231

Section 1231 governs detention after a removal order becomes administratively final. See 8 U.S.C. § 1231(a)(1)(B). An IJ's removal order ordinarily does not become administratively final while a timely appeal from that order remains pending before the BIA. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-35 (2021). By contrast, § 1226 governs detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

Petitioner's appeal from the January 2026 removal order remains pending. His removal order is therefore not administratively final, and § 1231 has not been triggered. The July 2025 IJ order does not suggest otherwise. That order invoked § 1225(b), not § 1231, and preceded the Ninth Circuit's subsequent holding that unadmitted noncitizens apprehended in the interior are governed by § 1226 rather than § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Respondents previously characterized Petitioner's detention as arising under § 1226(a), and no party contends that § 1226(c) applies. See Prior R&R at 2. On this record, the Court analyzes the current detention under § 1226(a).

Because § 1231 does not govern, Petitioner cannot obtain relief under Zadvydas v. Davis, 533 U.S. 678 (2001). Zadvydas construed § 1231(a)(6) to limit detention after the removal period and established a framework that applies after six months of post-final-order detention. See id. at 699-701. Petitioner is in pre-final-order detention while the BIA considers whether he is to be removed. His § 1231 and Zadvydas claims are denied.

## B. Due Process Does Not Require Another Bond Hearing

The Ninth Circuit's decision in Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), controls Petitioner's request for another hearing based on prolonged detention. In Rodriguez Diaz, the petitioner received a § 1226(a)

bond hearing about two months into detention, was denied release, and remained detained for approximately fourteen more months without another hearing. See id. at 1194-95. Applying the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), the Ninth Circuit held that due process did not require a second hearing with the Government bearing the burden of proof. See Rodriguez Diaz, 53 F.4th at 1206-13. The court emphasized the individualized hearing already provided, the right to appeal, and the ability to request redetermination based on materially changed circumstances. See id. at 1207–11. Furthermore, the court held that "duration alone" did not establish a due process violation. See id. at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (denying relief to a non-citizen detained three years under § 1226(a))

Here, an IJ held an individualized hearing on December 29, 2025, placed the burden on DHS, and issued a written dangerousness finding. See Answer, Ex. C. Petitioner exercised his right to appeal. See id., Ex. D. As of the date of this Order, approximately eight months have passed since that hearing. "[N]othing in § 1226(a)'s text—which says only that the Attorney General 'may release' the alien 'on . . . bond'—even remotely supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018). Rodriguez Diaz did not foreclose every conceivable as-applied challenge to prolonged § 1226(a) detention. See 53 F.4th at 1213-14. But Petitioner alleges no government-caused delay, denial of access to the procedures described above, or other circumstance that distinguishes his detention from the process upheld there.

The former Rodriguez class injunction does not compel a different result. In Rodriguez v. Robbins, 804 F.3d 1060, 1085-89 (9th Cir. 2015), the Ninth Circuit had construed § 1226(a) to require a new hearing every six months at which the Government bore the burden of proof. The Supreme Court rejected that statutory construction in Jennings, 583 U.S. at 296-97, 304-06. After remand, the Ninth Circuit held that the permanent injunction "must be vacated because it lacks a basis in law" and remanded with instructions to vacate it. See Rodriguez v. Barr, No. 20-55770, 2021 WL 4871067, at *1-2 (9th Cir. Oct. 19, 2021). In any event, the later published decision in Rodriguez Diaz supplies the controlling constitutional rule for § 1226(a) detention. See 53 F.4th at 1213 ("[Section] 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz.").

Agency procedures also remain available. After an initial bond redetermination, a noncitizen may submit a written request for another redetermination upon a showing that circumstances have materially changed since the prior ruling. See 8 C.F.R. § 1003.19(e). The regulation assigns that request to the noncitizen; it does not require Respondents or the district court to initiate periodic hearings. The Petition does not allege that Petitioner submitted a written material-change request after December 29, 2025, and it identifies no circumstance bearing on dangerousness that materially changed after that hearing. His contention that the Florida indecent-exposure accusation was dismissed or false challenges the evidence considered at the existing hearing, not a later change in circumstances. Petitioner remains free to invoke § 1003.19(e) in writing if he can identify a material change.

The prolonged-detention claim is therefore denied.

### C. **The Challenge to the December 29 Bond Ruling Is Unexhausted**

Liberally construed, the Petition also challenges the IJ's reliance on the Florida incident-exposure charge in finding Petitioner dangerous. That

challenge is distinct from his claim that detention has become unconstitutional because of its duration. Under Martinez v. Clark, an agency dangerousness determination may present a reviewable mixed question, although review is limited to abuse of discretion and does not permit the district court to reweigh the evidence. See 124 F.4th 775, 781-85 (9th Cir. 2024).

Before seeking habeas review of an IJ's bond ruling, however, a noncitizen must appeal to the BIA. If dissatisfied with the BIA's decision, the noncitizen may then seek habeas review. See Leonardo v. Crawford, 646 F.3d 1157, 1160–61 (9th Cir. 2011). When the administrative appeal remains incomplete, the ordinary disposition is dismissal without prejudice or a stay unless exhaustion is excused. See id. at 1160.

The record shows that Petitioner filed a bond appeal, but it contains no BIA decision. Both Petitioner and Respondents represent that administrative review remains incomplete. On the present record, Petitioner has not demonstrated exhaustion. The challenge to the December 29 dangerousness determination is therefore dismissed without prejudice. If the BIA has issued or later issues a decision, Petitioner may file a new petition that supplies the agency decision and identifies any reviewable constitutional, legal, or mixed-question error. The Court expresses no view on the merits of such a petition.

## IV. ORDER

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED** to the extent Petitioner invokes 8 U.S.C. § 1231 or Zadvydas, or claims that the duration of his detention entitles him to release or another bond hearing;

2. The Petition is **DISMISSED WITHOUT PREJUDICE** to the extent Petitioner seeks review of the IJ's December 29, 2025 dangerousness determination;

//

3. All other requested relief, including fees and costs, is **DENIED**; and

4. Judgment shall be entered accordingly, and this action shall be closed.

Date: August 27, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge